**A. L. JENNINGS, Widower, et al., Appellants,**

v.

**Ivan JETT et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1955.

Bradley & Bradley, J. Craig Bradley, Georgetown, for appellants.

McKnight & Pryor, J. C. McKnight, Georgetown, for appellees.

STEWART, Chief Justice.

This appeal involves a controversy over the apportionment for maintenance purposes of a partition fence between adjacent tracts of land owned by appellants and appellees. In urging reversal, appellants first contend that a long-standing oral agreement made by certain predecessors in title of each of the parties hereto for the division and upkeep of designated portions of the fence is binding upon their respective successors in title, including appellees; and, next, that the division under the judgment was unequal and thereby casts an inequitable financial burden upon them.

The action is equitable in its nature, and, after hearing the proof upon the issues

joined, the chancellor adjudged that appellants were to maintain the western one-half and appellees the eastern one-half of the boundary fence, with the further proviso that parties on one side should be compensated by the other for any fence which had been constructed on the portion awarded to the other.

Appellants' claim that there is a well-established agreement as to the division of the fence line for maintenance is not supported by the evidence.

 The line separating the lands in controversy is approximately 4,188 feet in length. Appellants established by proof that during the time they have owned their tract, they have built and maintained 888 feet of the fence, 650 feet of which runs along an old abandoned railroad right of way, located in about the middle of the line. It was shown that Henry Weiner, who once owned appellees' farm, agreed to an equal apportionment of the railroad right of way with appellant, A. L. Jennings, each of them constructing new fenses upon their respective portions, and appellant, A. L. Jennings, at that time building the 650 feet above mentioned. Appellants, however, failed to make out a case that there is, or ever was, a definite agreement binding upon either appellants or appellees as to the division or maintenance of the boundary line as a whole between their respective tracts. It is also important to point out that appellees' immediate predecessor in title, R. L. LeMaster, understood during his tenure that he was to maintain the eastern one-half of the fence line in dispute. We therefore conclude the chancellor correctly decided that no agreement existed as to the apportionment and maintenance of the entire boundary fence between appellants and appellees, and we are also of the opinion that he pursued a proper course when he adjudicated their rights in this respect.

Appellants further insist that the division of the fence between them and appellees for upkeep on a footage basis is an inequitable apportionment under the circumstances, because it is claimed the court's judgment will require them to maintain two water gaps across a creek in that part of the fence decreed to be kept up by them with the result that there will be a constant repair problem arising from water damage. However, appellees argue that their fence line extends for a distance of 968 feet, or more, over low ground bordering the creek where the fence occasionally washes completely away and needs to be replaced. There was also testimony that the course of the creek will be changed in the near future so that there will be only one water gap in the fence line.

 Under CR 52.01 the findings of fact of the chancellor will not be set aside unless they are clearly erroneous. It is apparent burdens will be imposed in the upkeep of one or two water gaps, as the case may be, on the western end awarded to appellants and expense will be incurred in the rebuilding of the fence on the low ground where it washes away at times on the eastern end awarded to appellees. We believe, under the circumstances, the apportionment made by the chancellor was an equitable one.

Wherefore, the judgment is affirmed.